## Waldomar Selemin, Defendant in Error, v. Latrobe Steel and Coupler Company, Plaintiff in Error.

### Gen. No. 19,699. (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Waldomar Selemin against Latrobe Steel and Coupler Company, a corporation, to recover for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

personal injuries. The declaration on which the cause was sent to the jury consisted of two counts. The first of these alleged: That the defendant "owned, possessed, managed, operated and controlled" a machine for testing iron couplers, consisting of a heavy hammer, to which hammer was attached at the top thereof a certain chain, which chain fastened by a hook, by which hook and chain the hammer was raised for the purpose of causing it to descend and strike the material placed beneath it and thereby test the strength of said material; that at that time the plaintiff, then a minor of tender years and a Russian subject, was working for the defendant as a servant; that the defendant, by its foreman, "who was not a fellow-servant of plaintiff and to whom plaintiff owed the duty of obedience, carelessly and negligently fastened said chain on said hammer in an insecure and unsafe manner, and so that said hammer was likely to become unfastened and fall by reason thereof and without any act on the part of the operator of said hammer to cause it to fall," which defendant knew, etc., and plaintiff did not know, etc., "and while plaintiff at all times in the exercise of ordinary care and caution for his own personal safety and in performance of his duty to said defendant as a servant as aforesaid, was in the act of placing a certain knuckle under said hammer for the purpose of testing the same, said hammer became unfastened from said chain and hook by and through the carelessness and negligence of said defendant as aforesaid, and fell to and upon the hand of plaintiff," thereby severing the fingers from the plaintiff's hand.

The other count alleged that the defendant by the foreman, who was not a fellow-servant, etc., "carelessly and negligently ordered plaintiff to place a certain knuckle under said hammer for the purpose of testing same, while the chain and hook upholding said hammer was weakly, insecurely and insufficiently fas-

tened and so that said hammer was likely to fall by reason thereof without any act of the operator to cause it to fall, which defendant knew or by the exercise of due care ought to have known and which plaintiff did not know and did not assume the risk thereof, and could not have known by the exercise of ordinary care,'' and that while the plaintiff was, in obedience to said order, placing a knuckle under said hammer, etc., the hammer, by reason of the aforesaid negligence of the defendant, fell on his hand.

Besides the general issue, a plea of the statute of limitations was filed, to which an amended replication was made by leave of court during the trial. The replication was, in effect, that the suit was brought before the plaintiff had come of age. A trial of the cause before a jury began March 31, 1913, and on April 2, 1913, terminated by a verdict for plaintiff in the sum of twenty-five hundred dollars. On the last day before the cause was finally taken by the jury, counsel for the defendant moved the court to suspend the trial of the cause until the next day to enable the defendant to present the testimony of one C. F. Heywood. This motion was supported by affidavit of the counsel that Heywood was a material witness for the defense, and that he expected him to testify to certain matters (set forth in the affidavit), and that Heywood resided in Pittsburg, Pennsylvania; that he had started from there April 1, 1913, to come to Chicago to testify in the cause, but had telegraphed that his train was delayed and that he could not arrive in Chicago until about 5 P. M. on the second. Tuesday, April 1, being a legal holiday the court had not convened. Counsel for the plaintiff consented that the counsel for the defendant might state to the jury that the defendant claimed that the witness would testify as stated in the affidavit, but refused to admit that the witness would testify to all the matters mentioned therein, specifying those which were thus excepted. The motion to suspend or continue was then denied. The entire affidavit of counsel was read to the

jury by him; but he indicated the parts which stated what the plaintiff refused to admit the absent witness would have sworn to.

A written motion for a new trial and a motion in arrest of judgment were made after the verdict and before the judgment and overruled. To reverse a judgment entered on the verdict, defendant prosecutes a writ of error.

Defendant urged as grounds for reversal: That the court erred in allowing plaintiff to file an amended replication during the trial, contending that an issue was by the replication submitted to the jury which it had not been sworn to try; that there was no evidence in the record tending to prove that the defendant was guilty of the negligence charged in either count of the declaration on which the cause was submitted to the jury; that if it could be held that any negligence was shown, it must have been the negligence of plaintiff's fellow-servant, for which the defendant is not liable; that the plaintiff was guilty of contributory negligence; that the plaintiff assumed the risk of the danger which resulted in the injury.

HERRICK, ALLEN & MARTIN and FRANK E. HARKNESS, for plaintiff in error.

C. H. JOHNSON and DANIEL BELASCO, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1712*—*when assignments of error waived.* Assignments of error which are not argued may be considered as waived.

2. PLEADING, § 249*—*when allowing filing of amended replication not error.* Permitting plaintiff during the trial to file an amended

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

replication to a plea of the statute of limitations, *held* not error.

3. MASTER AND SERVANT, § 702*—*when contributory negligence and fellow-servant relation questions for jury.* In an action by a servant against his employer to recover for personal injuries received while placing certain iron couplers on a machine, for testing the strength of the couplers by a heavy hammer, where at the time of the injury the hammer on being partly raised unexpectedly fell by becoming detached from a hook connected to the hammer by defendant's foreman, *held* under the facts of the case the questions whether plaintiff was guilty of contributory negligence or whether the foreman was a fellow-servant were questions for the jury upon which their verdict in favor of plaintiff was conclusive, it appearing that the plaintiff was an inexperienced minor, that the manner of performing the work was unsafe, that the foreman was plaintiff's "boss," and that the foreman had knowledge that the hook did not fasten securely to the hammer.

4. MASTER AND SERVANT, § 359*—*assumption of risk.* Where a youthful and inexperienced servant was injured while engaged in placing iron couplers on a testing machine for the purpose of testing the same with a heavy hammer, *held* under the facts of the case that the doctrine of assumption of risk was inapplicable.

5. MASTER AND SERVANT, § 561*—*necessity of proof of specific negligence alleged.* In an action by a servant against his employer for personal injuries, the specific negligence charged in the declaration must be proved to warrant a verdict for plaintiff.

6. MASTER AND SERVANT, § 694*—*when proof sufficient to sustain allegation in declaration.* In an action by a servant against his employer to recover for personal injuries, plaintiff's testimony *held* sufficient, if believed by the jury, to sustain an allegation in plaintiff's declaration that the injury resulted from obeying a negligent order of defendant's foreman.

7. TRIAL, § 33—*when refusal to adjourn for day not abuse of discretion.* Refusal of court during the trial to adjourn for a day to allow a witness for defendant to arrive from another State on the ground that the train which the witness had taken was delayed on account of floods, *held* not an abuse of discretion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.